JIGANTI, P.J., and JOHNSON, J., concur.

EULA JOHNSON, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—86—3516

Opinion filed November 22, 1989.

Hayt, Hayt & Landau, of Evanston (Barry J. Novak, Martin Z. Craig, and Paul A. Grabowski, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff-appellant, Eula Johnson (Johnson), appeals from an order of the circuit court of Cook County which affirmed the decision of the Illinois Department of Public Aid (IDPA), denying Johnson's application for medical assistance for the months of July and August of 1985. We reverse and remand.

Johnson was hospitalized at Jackson Park Hospital Medical Center on July 29, 1985. On September 19, 1985, Johnson's daughter, Kimberly Johnson, submitted an application for medical assistance for the months of July, August, September and October on Johnson's behalf. Kimberly, the hospital and its attorneys submitted copies of Johnson's bank book, paycheck stubs, utility bills and other documents to establish eligibility for medical assistance. Neither the county nor IDPA informed Johnson that she could reduce her assets before the date of decision on her application in order to qualify for medical assistance.

On October 28, 1985, the county caseworker denied Johnson's application because her savings account balance was $92 above IDPA's asset disregard level of $1,500. By the end of August 1985, Johnson had incurred $15,698.65 in medical bills. The county did not employ a resource spend down procedure or consider Johnson's incurred medical expenses when determining eligibility. Johnson's attorney contacted the caseworker on October 31 to request that a decision on the application be delayed until Johnson could reduce her assets; however, the caseworker informed him that the application had already been denied. Johnson appealed, and an administrative hearing was conducted on February 11, 1986. In its final administrative decision, IDPA affirmed the county's denial of benefits because Johnson's savings account balance exceeded the allowed asset disregard amount on the date that eligibility was determined. Johnson sought administra-

tive review, and the circuit court reversed IDPA's denial of medical assistance for the months of September and October 1985, but affirmed denial of medical assistance for the months of July and August 1985. This appeal followed.

■ On appeal, Johnson argues that IDPA erred when it failed to employ a resource spend down procedure to determine her eligibility for medical assistance. In *Hession v. Illinois Department of Public Aid* (1989), 129 Ill. 2d 535, 539, the supreme court held that IDPA must employ a resource spend down procedure and consider the amount of an applicant's incurred medical expense as well as his or her assets when determining eligibility for medical assistance.

■ Therefore, the circuit court's order affirming IDPA's denial of medical benefits for July and August 1985 must be reversed and this cause must be remanded for a redetermination of Johnson's eligibility.

Accordingly, the order of the circuit court affirming IDPA's denial of medical benefits for the months of July and August 1985 is reversed and this matter is remanded for a redetermination of Johnson's eligibility for medical assistance in a manner consistent with this opinion and the *Hession* decision.

Reversed and remanded with instructions.

FREEMAN, P.J., and WHITE, J., concur.